UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL FRYMAN                                                                              PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:05CV-256-S

MICHAEL O. LEAVITT, Secretary,
Department of Health and Human Services                                                   DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on cross motions of the parties for judgment in this appeal from an administrative decision by the United States Department of Health and Human Services.

The plaintiff, Michael Fryman, was convicted in February, 2003 of one count of felony mail fraud in violation of 18 U.S.C. § 1341. Fryman worked as an account manager and district manager for University Hospital Services. A co-defendant, Peggy A. Bisig, worked for Cancer Care Center, Inc. and also ran a medical supply company, Home Pharm-Assist, Inc. Cancer Care's conflict of interest policy prohibited Bisig from selling medical supplies to Cancer Care. Fryman participated in a scheme to defraud Cancer Care by deceiving Cancer Care into believing that the items it was purchasing were being supplied by University Hospital Services when in fact they were supplied by Bisig, through her company. Fryman received $15,386.88 for his part in the perpetration of the fraud upon Cancer Care.

Upon Fryman's conviction, the Inspector General ("IG") rendered a decision excluding Fryman from participation in Medicare, Medicaid, and all federal health care programs for a period of five years, pursuant to § 1128(a)(3) of the Social Security Act, 42 U.S.C. § 1320a-7(a)(3). Fryman appealed the decision of the IG. A Departmental Appeals Board ("DAB") decision affirming the IG's decision was rendered on December 17, 2004. In that decision, the administrative law judge ("ALJ") made two particular findings which Fryman contends were erroneous. First, he

challenges the finding that the fraud of which he was convicted was "in connection with the delivery of a health care item or service," under the statute. Second, he contends that the ALJ erred in concluding that the "in connection with the delivery of a health care item or service" portion of § 1128(a)(3) does not require a nexus to a government-funded health care program.

Fryman appealed the DAB decision, challenging the two findings outlined above. A three-member panel determined that no separate decision was necessary, and it summarily affirmed the ALJ's decision. Fryman then filed suit pursuant to 42 U.S.C. §§ 405(g) and 1320a-7(f).

> Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See, Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983)...If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *see, Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence supports the opposite conclusion, *see, Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc).

*Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

The statute in issue, 42 U.S.C. § 1320a-7(a)(3) states:

**§ 1320a-7 Exclusion of certain individuals and entities from participation in Medicare and State health care programs**

**(a) Mandatory exclusion**

The Secretary shall exclude the following individuals and entities from participation in any Federal health care program (as defined in section 1320a-7b(f) of this title):

**...(3) Felony conviction relating to health care fraud**

Any individual or entity that has been convicted for an offense which occurred after August 21, 1996, under Federal or State law, in connection with the delivery of a health care item or service or with respect to an act or omission in a health care program (other than those specifically described in paragraph (1)) operated by or financed in whole of in part by any Federal, State, or local government agency, of

a criminal offense consisting of a felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct.

I.

The first issue before the court is whether the finding that Fryman committed fraud in connection with the delivery of a health care item or service was supported by substantial evidence. Fryman contends that his conduct was not in connection with the delivery of a health care item or service, urging that 42 C.F.R. § 1001.101(b) limits "delivery of a health care item or service" to "the provision of any item or service to an individual to meet his or her physical, mental or emotional needs or well-being..." Fryman concludes, therefore, that only those acts of fraud involving the provision of goods or services *to individuals* are within the bounds of the statute. He contends that since he did not deal with any individual in need of medical items, but rather dealt with a company, Cancer Care, he should not be excluded under the "delivery of a health care item" subsection of the statute.

The court finds that Fryman misreads and misapplies the regulation and therefore reaches an erroneous conclusion concerning the scope of the statute. In determining whether exclusion is mandated, § 1001.101(b) directs the IG to

...exclude any individual or entity that –

...(b) Has been convicted, under Federal or State law, of a criminal offense related to the neglect or abuse of a patient, in connection with the delivery of a health care item or service...(the delivery of a health care item or service includes the provision of any item or service to an individual to meet his or her physical, mental or emotional needs or well-being, whether or not reimbursed under Medicare, Medicaid or any Federal health care program)...

Reading this subsection of the regulation in full, § 1001.101(b) does not appear to address Fryman's particular crime, as Fryman was not convicted of an offense related to the neglect or abuse of a patient.

Additionally, Fryman's suggestion that § 1001.101(b) limits "delivery of a health care item" to persons who were providing goods or services to individuals is without merit. Were this

subsection applicable to Fryman, the regulation identifies for exclusion persons who have been convicted of fraud *in connection with* the delivery of a health care item. Nothing in the regulation requires that the convicted person be a deliverer of goods. It is sufficient that Fryman committed an act of fraud in connection with the delivery of an item. That the items were purchased for individuals in need of medical treatment is beyond question.

Further, the parenthetical in question is not exclusive. It states only that the delivery of items to individuals is included under the subsection, regardless of the source of payment for them.

The ALJ looked to 42 C.F.R. § 1001.101(c)(1) and the decision in *Erik D. DeSimone, R. Ph.*, DAB No. 1932, at 4 (2004) for guidance in determining whether Fryman committed fraud in connection with the delivery of a health care item or service. *DeSimone* suggests that a common sense analysis of the facts should be employed in evaluating the connection between the fraud and the delivery of a health care item or service. §1001.101(c)(1) mandates exclusion of an individual or entity that

> ...(c)  Has been convicted, under Federal or State law, of a felony that occurred after August 21, 1996, relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct –
>
> (1)  In connection with the delivery of a health care item or service, including the performance of management or administrative services relating to the delivery of such items or services...

The ALJ concluded that under a "common sense analysis," Fryman's participation in the fraud made it possible for Bisig and Home-Pharm Assist to make fraudulent delivery of health care items to Cancer Care. She rejected Fryman's suggestion that a connection was lacking because there was no financial loss or sub-standard product delivered, or that Fryman did not deliver any products to Cancer Care himself.

The court finds that substantial evidence supports the finding that Fryman's fraud was in connection with the delivery of a health care item or service. Fryman did enable the fraud to be

perpetrated. Fryman has not identified any statutory requirement that there be financial loss to Cancer Care or hands-on involvement with the product by Fryman.

We note that the regulation, which provides guideposts in the interpretation of the statute, specifically includes "the performance of management or administrative services relating to the delivery of such items or services." § 1001.101(c)(1). Thus acts such as Fryman's laying of the groundwork for the perpetration of the fraudulent scheme was contemplated by the Secretary as acts of fraud warranting exclusion by the IG.

There are DAB decisions which are in accord with the decision at bar. In *Katherine Marie Nielsen*, DAB No. CR1181 (2004), the judge stated that "Even a minimal nexus between the offense and the delivery of a health care item or service satisfies the statutory test that a criminal offense be 'in connection' with the delivery of a health care [item or] service." (*citing, Anthony Underhill*, DAB No. CR231 (1992)(broad terminology suggests Congress' intent that even minimal nexus would suffice)).

II.

The second issue before the court is whether the delivery of a health care item must be "in a health care program...operated by or financed in whole or in part by any Federal, State, or local government agency..." Fryman urges that because his crime did not impact federal, state or local funding, his conviction does not meet the requirements for exclusion under the regulation.

The court agrees with the ALJ's conclusion that the Secretary's interpretation of § 1128(a)(3), set out in § 1001.101(c), compels the affirmance of the IG's decision. Other DAB decisions are in accord with this view. Section 1001.101(c) delineates two categories for mandatory exclusion. They are identified in separate paragraphs, emphasizing the disjunctive construction of the statute. The regulation states:

The OIG will exclude any individual...that –

> ...(c) Has been convicted, under Federal or State law, of a felony that occurred after August 21, 1996, relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct –
>
>> (1) In connection with the delivery of a health care item or service, including the performance of management or administrative services relating to the delivery of such items or services, or
>>
>> (2) With respect to any act or omission in a health care program (other than Medicare and a State health care program) operated by, or financed in whole of in part, by any Federal, State or local government agency...

The ALJ stated that "the regulations echo the statutory language and, by setting forth each category in a separate subparagraph, separated by the conjunction or, resolve any ambiguity as to whether or not the two phrases should be read in the disjunctive." DOB Decision, p. 6. The court finds that the ALJ correctly looked to the Secretary's interpretation of § 1123(a)(3), as the puctualtion differs between subsections (a)(3) and (b)(1) of § 1123. Indeed, Fryman points this out in his brief. Subsection (b)(1) of § 1123 addressing permissive exclusions for misdemeanor convictions contains *identical* language to subsection (a)(3), but paragraphed differently:

> The Secretary may exclude...
>
> Any individual...convicted...of a criminal offense consisting of a misdemeanor relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct –
>
> (i) in connection with the delivery of a health care item or service, or
>
> (ii) with respect to any act or omission in a health care program (other than those specifically described in subsection (1)(1) of this section) operated by or financed in whole or in part by any Federal, State, or local government agency...

42 U.S.C. § 1320a-7(b)(1).

The sole difference in (b)(1) is that, like the C.F.R. text, "in connection with delivery of a health care item..." and "with respect to any act or omission..." are set out in separate paragraphs, clearly delineating that no government funding nexus is required for the former category, but is required for the latter category. The Secretary reasonably treated the identical language in subsections (a)(3) and (b)(1) consistently, despite the difference in the paragraphing of the text. As this is a reasonable

construction of the text, this court must give it effect. *Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S.Ct. 376, 380, 157 L.Ed.2d 333 (2003). The court affirms the conclusion of the ALJ that no nexus to a government funded health care program is required with respect to a conviction in connection with the delivery of a health care item or service.

The court finds that there was no error in the decision of the ALJ to exclude Fryman from participation in any Federal health care program pursuant to 42 U.S.C. § 1320a-7(a)(3). A separate order will be entered this date in accordance with this opinion.